UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>           Plaintiff,<br><br>    v.<br><br>S. GATES, et al.,<br><br>           Defendants. | Case No. 1:21-cv-01343-DAD-BAK (BAM) (PC)<br><br>**ORDER DENYING PLAINTIFF'S "REQUEST TO TAKE JUDICIAL NOTICE"**<br><br>(Doc. 12) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

On September 8, 2021, Defendant S. Gates filed a Notice of Removal and Request for Screening in this Court. (Doc. 1.) Attached as Exhibit A to the notice are the summons and complaint filed by Plaintiff in Kings County Superior Court case number 20CV-0629, entitled *Frank Monaco Bazzo v. S. Gates, et al*. (Doc. 1 at 3-68.)

On September 15, 2021, the Court issued its Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. (Doc. 4.)

On October 12, 2021, Plaintiff filed an "Emergency Motion Pursuant to Court's Leave in Footnote 8 Due to Extraordinary Circumstances. Motion to Order ADR Pursuant Similar Precedents." (Doc. 8.) The Court denied Plaintiff's motion on October 14, 2021. (Doc. 9.)

On January 6, 2022, the undersigned was temporarily assigned to this action due to the elevation of Jennifer L. Thurston from Magistrate Judge to District Judge. (Doc. 11.)

On June 16, 2022, Plaintiff filed the instant "Request to Take Judicial Notice." (Doc. 12.)

## II. DISCUSSION

### A. *Plaintiff's Request*

Referencing this Court's Amended Standing Order, Plaintiff's request for judicial notice states "this case was initially filed in early 2018 in Los Angeles District Court, whereby summary denial WITHOUT PREJUDICE was granted to defendants via the AG Office pending exhaustion of internal remedies available to plaintiff." (*Id.* at 1.) Thereafter, Plaintiff states the matter "was refiled in State Court in Hanford, CA" where is remained "for the better part of two years delayed by the defendants." (*Id.*) Defendants then "decided to move the action to Federal Court …." (*Id.* at 2.) Plaintiff requests judicial notice that "this case has ALREADY gone THROUGH ALL DISCOVERY since 2018," and that "LA DISTRICT COURT JUDGE ROZELLA OLIVER" found "this case is an ONGOING violation of the Eighth Amendment prohibition on cruel and unusual punishment …." (*Id.*) Specifically, Plaintiff seeks notice that:

a) On August 8, 2018, Her Honor ROZELLA A. OLIVER drafted a REPORT and RECOMMENDATION

b) "The FAC alleges that defendants were deliberately indifferent and refused to provide plaintiff with a diet that would accommodate his allergies [and physiological constraints] including his severe allergy to peanuts and IBS-D syndrome."

c) "ACCEPTING THE FAC AFTER SCREENING, the Court ordered service and issued summons on December 14, 2016."

(*Id.* at 3.) Plaintiff asserts "it is grossly UNFAIR to be screened TWICE about allegations that defendant never fully controverted … and being FULLY ACCEPTED BY THE STATE COURT." (*Id.*) Plaintiff contends "TWO AMENDED COMPLAINTS have been accepted by BOTH courts," and "all possible motions by defendants have been drafted and redrafted since 2016." (*Id.*) He asserts "[i]t would be against judicial economy and reason to drag the case to a very costly trial" and that Defendants have already taken a "two hour deposition" "at GREAT expense to California taxpayers that yielded NOTHING OF VALUE TO DEFENDANTS." (*Id.*)

After recounting his health concerns and history concerning his dietary needs (*id*. at 4-5), Plaintiff asserts "Defendants have consummated every possible discovery allowed by law" and "have misused discovery." (*Id*. at 6.) Plaintiff contends "Federal Rule 201 allows the kinds of facts not subje[c]t to reasonable dispute," including that Plaintiff's "dietary constraints have been generally known since his entry into California horrendous carceral business." (*Id*.) Plaintiff contends "adjudication of facts is mandatory, especially since defendants have had YEARS to be heard on the real issues and not merely argue procedures over and over." (*Id.*) Plaintiff contends Defendants "have all possible medical information," have deposed him, and have propounded written discovery "that yielded zero sum gain to them over the course of five years." (*Id*.) Plaintiff argues, somewhat confusingly, that he has established certain "proposed presumptions" and that those "presumptions" must now be rebutted by Defendants, yet Defendants continue to fail to do so and to delay matters.  (*Id*. at 6-10.) Plaintiff concludes that he "is 83 years old and squarely falls under federal elderly protection against abuses," suffers from various health issues and continues to be denied "proper NUTRITION not merely FODDER that IS TOXIC." (*Id.* at 11.) Plaintiff asks the Court to "[r]esume the civil case," "[a]ssess the documents already with the court" and to "ORDER a settlement conference," noting his terms for settlement. (*Id*.)

　　　　　　　*B.  Analysis*

 Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned.  Fed. R. Evid. 201(b). Here, the information or facts Plaintiff seeks this Court to take judicial notice of do not involve adjudicative facts that are judicially noticeable. Rather, the information or facts Plaintiff wants judicially noticed are legal conclusions made by other courts. Said another way, other courts' factual findings are not adjudicative facts. *See, e.g*., *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (a court cannot generally take judicial notice of the underlying "factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"); *Wyatt v. Terhune*,

3

315 F.3d 1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice"), *overruled on other grounds*, *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829-830 (5th Cir. 1998) (district court properly refused in § 1983 action to take judicial notice of other courts' findings in prior case that hospital's alleged successor was state actor for § 1983 purposes; such determination was legal conclusion, not "adjudicative fact," nor was that determination beyond reasonable dispute, as it was in fact disputed by parties); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388–89 (2d Cir.1992) (holding district court could not take judicial notice of bankruptcy court's finding that sellers had provided notice required to preserve their trust rights and were cash sellers); *Holloway v. A.L. Lockhart*, 813 F.2d 874, 878–79 (8th Cir. 1987) (holding district court could not take judicial notice of finding of another court that use of tear gas was reasonable and necessary); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994) (holding district court could not properly take judicial notice of findings of another court establishing nature of salary dispute in question); *see also Nipper v. Snipes*, 7 F.3d 415, 415–417 (4th Cir. 1993) (holding district court abused its discretion in admitting state court findings of fact).

To the degree Plaintiff's request to "[r]esume the civil case" can be construed to be a motion to proceed with service of process, Plaintiff's motion is denied as premature. This Court is required to screen Plaintiff's complaint, and Plaintiff's complaint has not yet been screened; hence, service of a summons and complaint is premature. 28 U.S.C. § 1915A (court to screen complaint prior to directing service upon any defendant).

28 U.S.C. § 1915A requires this Court to screen Plaintiff's complaint. The statute provides as follows:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

4

>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A. This Court's obligation to screen the complaint still adheres where a complaint is filed in and then removed from state court. *See, e.g.*, *Walker v. Departmental Review Bd.*, No. 2:17-cv-02191-AC-P, 2017 WL 11517550 *1 (E.D. Cal. Oct. 24, 2017) ("The screening obligation applies where a complaint is removed from state court"); *Morris v. Horel*, No. C 07-6060 SI (pr), 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The Federal Rules of Civil Procedure also apply once an action is removed. Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court").

Therefore, to the degree Plaintiff's request that this Court "[a]ssess the documents already with the court" can be construed as a request to screen the complaint, screening will occur in due course. The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before this Court, and delays are inevitable despite the Court's best efforts.

Lastly, to the degree Plaintiff's request or motion seeks to set a settlement conference, such a request remains premature, as the Court previously determined. (*See* Doc. 9 at 1 ["If, upon screening, the Court finds that Plaintiff states a cognizable claim for relief, and if the defendants then file an answer to the complaint, the Court will refer this case to ADR at that point. Accordingly, the Court DENIES Plaintiff's motion as premature"].) As noted above, the Court is required to screen Plaintiff's complaint. Only after this Court has screened the complaint and found it to state a cognizable claim or claims for relief, and only after Defendant S. Gates has filed an answer to the complaint, will the Court order a settlement conference or alternative

dispute resolution. However, the parties are free to engage in settlement discussions without Court assistance.

### III. CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's request for judicial notice (Doc. 12) is DENIED.

IT IS SO ORDERED.

Dated:   **June 28, 2022**              /s/ Barbara A. McAuliffe           
                                                                    UNITED STATES MAGISTRATE JUDGE