UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01343-ADA-CDB (PC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FILED SEPTEMBER 13, 2022**<br><br>(Doc. 15) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

## I.       RELEVANT BACKGROUND

On September 8, 2021, Defendant S. Gates filed a Notice of Removal and Request for Screening in this Court. (Doc. 1.) Attached as Exhibit A to the notice are the summons and complaint filed by Plaintiff in Kings County Superior Court case number 20CV-0629, entitled *Frank Monaco Bazzo v. S. Gates, et al*. (Doc. 1 at 3-68.)

On September 15, 2021, the Court issued its Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. (Doc. 4.)

On October 12, 2021, Plaintiff filed an "Emergency Motion Pursuant to Court's Leave in Footnote 8 Due to Extraordinary Circumstances. Motion to Order ADR Pursuant Similar Precedents." (Doc. 8.) The Court denied Plaintiff's motion on October 14, 2021. (Doc. 9.)

1   On January 6, 2022, Magistrate Judge Barbara A. McAuliffe was temporarily assigned to

2   this action due to the elevation of Jennifer L. Thurston from Magistrate Judge to District Judge.

3   (Doc. 11.)

4   On June 16, 2022, Plaintiff filed a "Request to Take Judicial Notice." (Doc. 12.) On

5   Magistrate Judge McAuliffe issued an Order denying the request for judicial notice. (Doc. 13.)

6   On August 24, 2022, this action was reassigned from District Judge Dale A. Drozd to

7   District Judge Ana de Alba. (Doc. 14.)

8   On September 13, 2022, Plaintiff filed a pleading titled "Notice of Motion and Motion to

9   Amend Style of Case and Include in Caption Replacement of Does and Aliases as They Become

10   Known and Relevant to the Case." (Doc. 15.)

11   On October 6, 2022, this action was reassigned from the temporarily assigned magistrate

12   judge to the undersigned. (Doc. 16.)

13   **II.      DISCUSSION**

14   *A.  Plaintiff's Motion*

15   Plaintiff seeks leave to amend the complaint, or in his words, "leave to amend the

16   complaint's style and caption" to "cure any 'anonymous' defendant …." (Doc. 15 at 1.) Plaintiff

17   contends the defendants "hereby joined … might provide germane information to the liability of

18   each individual responsible" for the constitutional violation alleged. (*Id*. at 1-2.) Plaintiff contends

19   "changing DOES or adding names" does not prejudice the opposing party "in any manner

20   requiring any affirmative response." (*Id.* at 2.) Plaintiff states he "hereby joinders as Defendants,"

21   and proceeds to name the California Department of Corrections (CDCR), Kathleen Allison, J.

22   Clark Kelso, S. Gates, and "Dr. Bobbala … the apparent physician in charge of NUTRITION

23   IMPLEMENTATION," noting "[s]he is instrumental in the case at bar." (*Id*. at 2-3.) Plaintiff

24   indicates "[a]ll defendants are being sued in both their individual and official capacities." (*Id*. at

25   3.) Thereafter, Plaintiff indicates a desire that this Court "agree to hear the state law claims that

26   were filed in state court." (*Id*.) Plaintiff states he believes "that a deliberate indifference claim

27   pursued under the medical banner falls under ADA" and that inadequate and improper medical

28   care concerning nutrition violates the Eighth Amendment "prohibition on cruel and unusual

punishment by acting with deliberate indifference to [Plaintiff's] medical needs for a proper

NUTRITION due to allergies and anatomical structures." (*Id.*) Next, Plaintiff contends his case is

one involving "'exceptional circumstances,'" and he seeks the appointment of counsel. (*Id.*) In a

concluding paragraph, Plaintiff states "this action has been going on for years due to defendants

dilatory tactics, the age of Plaintiff BAZZO, his dire medical needs for proper nutrition BEYOND

HIS CONTROL, BAZZO also prays the Honorable Court for injunctive relief as soon as the court

shall allow, so that BAZZO may receive proper medically prescribed food due to his allergies and

anatomical status." (*Id.* at 4.) Plaintiff has attached three summons to his motion, directed to "Dr,

Bobbala," J. Clark Kelso, Kathleen Allison and "CDCR California Dept. of Corrections and

Rehabilitation." (*Id*. at 5-8.)

### B. Analysis

#### 1. The Appointment of Counsel

The Court begins with Plaintiff's request for the appointment of counsel.

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *E.g.*, *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015).

Here, Plaintiff states he is 83 years old, and notes he has dire need of proper nutrition in light of his "allergies and anatomical structures." A brief review of the complaint pending

screening (*see* Doc. 1, Ex. A) reveals Plaintiff appears to allege a claim of deliberate indifference to serious medical needs concerning his diet. The Court is faced with similar cases almost daily. Even considering Plaintiff's stated age of 83 years and medical condition, the undersigned finds Plaintiff's case is not exceptional on that basis. *See, e.g.*, *Anderson v. Arnold*, No. 2:14-cv-2660 MCE AC P, 2017 WL 56867, at *3 (E.D. Cal. Jan. 4, 2017) ("… plaintiff has failed to demonstrate exceptional circumstances warranting appointment of counsel. Advanced age, poor health and medical and psychological disabilities are circumstances shared with many prisoners"); *Jones v. Stieferman*, No. CIV S-06-2732-FCD-CMK-P, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel").

As to an evaluation of Plaintiff's likelihood of success on the merits of his claims, Plaintiff merely offers in his motion conclusory assertions of Defendants' responsibility to ensure he receives appropriate medical and nutritional care.  Without more, at this stage of the proceedings, the undersigned is unable to ascertain Plaintiff's likelihood of success on the merits. Plaintiff's complaint has not yet been screened as is required by 28 U.S.C. § 1915A(a). *See Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (at the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated).

As to an evaluation of Plaintiff's ability to articulate his claims, the Court finds Plaintiff able to do so. Plaintiff commenced litigation of his claim in the Kings County Superior Court in October 2020 and, following removal to this Court by Defendant S. Gates in September 2021, has continued to prosecute the action. Plaintiff has filed two motions, other than the instant motion, in this proceeding. (*See* Doc. 8 & 12.)[1] Simply stated, based on a review of this record, the Court does not find that Plaintiff cannot adequately articulate his claims.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where pleadings demonstrated the petitioner had "a good understanding of the issues and

_____

[1] Plaintiff has also notified the Court of his change of address on two occasions. (*See* Docs. 6 & 10.)

the ability to present forcefully and coherently his contentions").

In sum, Plaintiff's request for the appointment of counsel will be denied.

### 2. Amending the Complaint

Rule 15(a) of the Federal Rules of Civil Procedure concerns amendments before trial:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> (3) *Time to Respond*. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a).

Leave to amend a pleading "is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (per curiam). In exercising its "discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities. . . Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks & citations omitted). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

Plaintiff wishes to amend his complaint to add new or additional defendants. It is less clear whether Plaintiff intends to assert additional claims. In any event, the Court will grant Plaintiff leave to file a first amended complaint in this action. Fed. R. Civ. P. 15(a)(2).

1   This Court finds Plaintiff's request does not prejudice the opposing party because
2   Defendant Gates has not yet filed an answer, and, in fact, has requested this Court screen
3   Plaintiff's complaint. (*See* Doc. 1 at 2.) Plaintiff's amended complaint, assuming he files one, will
4   also be subject to screening pursuant to 28 U.S.C. § 1915A. Further, the Court finds no indication
5   Plaintiff's request is sought in bad faith. Plaintiff believes the amendments are relevant and likely
6   to identify liable parties. And, while permitting Plaintiff to amend his complaint will result in
7   some additional delay, the Court finds it appropriate to grant Plaintiff leave to amend. Finally, it
8   does not appear granting Plaintiff to leave to amend would be futile. Plaintiff may be able to
9   assert deliberate indifference to serious medical needs claims, or other claims, against additional
10  defendants, although Plaintiff will be provided with additional information below to assist him in
11  determining what claim or claims he might assert against the additional defendants noted in his
12  motion.

13  To be clear, the instant motion will not be incorporated in any way into Plaintiff's original
14  complaint. In other words, Plaintiff may not "join" new defendants as it appears he intended to do
15  by way of this motion. Plaintiff is advised that an amended complaint supersedes the original
16  complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, any amended
17  complaint must be "complete in itself without reference to the prior or superseded pleading." *See*
18  Local Rule 220. Meaning, Plaintiff will be required to file an amended complaint that is complete
19  in and of itself without any reference to his original complaint. And Plaintiff is cautioned that he
20  may not change the nature of this suit by adding new, unrelated claims in his first amended
21  complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

22  ### 3.  Additional Information

23  The Court provides the following general information for Plaintiff's consideration
24  concerning the filing of an amended complaint.

25  Under 42 U.S.C. § 1983,[2] a plaintiff is required to prove that defendants (1) acted under

26

27  ---
    [2] "Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the
    United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...
28  shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for
    redress." 42 U.S.C. § 1983.

6

color of state law and (2) deprived him of rights secured by the Eighth Amendment of the United States Constitution. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A plaintiff must demonstrate that defendants personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability under § 1983, and defendants are only liable for their own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Monell v. Dept. of Social Services*, 436 U.S. 658, 691-92 (1978).

A governmental agency that is an arm of the state is not a person for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. California Dept. of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections entitled to Eleventh Amendment immunity from former prisoner's § 1983 action). A limited exception to the rule barring suit against states exists for suits against state officials, sued in their official capacity, for prospective injunctive relief. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989). "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (stating the Eleventh Amendment does not "bar claims for damages against state officials in their personal capacities").

Both the Americans with Disabilities Act and the Rehabilitation Act apply in the prison context. *See United States v. Georgia*, 546 U.S. 151, 154 (2006); *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998); *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010). Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II, a plaintiff must allege that "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise

7

discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal quotation marks & citations omitted, alteration in original). And "[w]here the public entity in question is a prison, the plaintiff must also show that the conduct complained of was not reasonably related to a legitimate penological interest." *Munson v. California*, No. CIV S-09-0478 JAM, 2011 WL 284591, at *3 (E.D. Cal. Jan. 25, 2011), *report and recommendation adopted*, No. CIV S-09-0478 JAM, 2011 WL 1114448 (E.D. Cal. Mar. 28, 2011); *Armstrong v. Wilson*, 942 F. Supp. 1252, 1259 (N.D. Cal. 1996), *aff'd*, 124 F.3d 1019 (9th Cir. 1997) ("[T]he ADA must be applied in a prison environment with consideration of legitimate penological interests").

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The Court is not required to review exhibits to determine what Plaintiff's charging allegations are as to each named defendant.

Finally, as Plaintiff has been previously advised, the issuance of summonses in this action is premature because screening has not yet occurred. (*See* Doc. 13 at 4-5 [Order issued 6/28/22].) Therefore, no action will be taken concerning the summonses Plaintiff included with the instant motion.

### III.    CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion (Doc. 15) is **DENIED** in part and **GRANTED** in part:

    a.  Plaintiff's request for the appointment of counsel is **DENIED**;

    b.  Plaintiff is **GRANTED** leave to file a first amended complaint;

2.  Plaintiff **SHALL** file his first amended complaint, complete in and of itself without reference to any prior pleading, **within 30 days of the date of service of this order**;

3.  Should Plaintiff choose not to file a first amended complaint, Plaintiff **SHALL** notify the Court in writing, **within 30 days of the date of service of this order**, that he does not wish to file a first amended complaint and he is willing to proceed on the claims

1           asserted in the original complaint;

2           4.   The Clerk of the Court is directed to provide Plaintiff with a civil rights complaint

3               form.

4          **If Plaintiff fails to comply with this Order, the Court will recommend that this action**

5  **be dismissed, without prejudice, for failure to obey a court order**.

6  IT IS SO ORDERED.

7      Dated:   **December 27, 2022**

8                                    UNITED STATES MAGISTRATE JUDGE