UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>            Plaintiff,<br><br>    v.<br><br>S. GATES,<br><br>            Defendant. | Case No. 1:21-cv-01343-KES-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR INJUNCTIVE RELIEF**<br><br>(Doc. 54)<br><br>**14-DAY OBJECTION PERIOD**<br><br>**ORDER DENYING REQUEST FOR JUDICIAL NOTICE**<br><br>(Doc. 59) |

Plaintiff Frank Monaco Bazzo is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983.

**I.    PROCEDURAL BACKGROUND**

On September 8, 2021, Defendant S. Gates filed a Notice of Removal and Request for Screening in this Court. (Doc. 1.)

On October 12, 2021, Plaintiff filed an "Emergency Motion Pursuant to Court's Leave in Footnote 8 Due to Extraordinary Circumstances. Motion to Order ADR Pursuant Similar Precedents." (Doc. 8.) Then assigned Magistrate Judge Jennifer L. Thurston issued an order

denying Plaintiff's motion on October 14, 2021. (Doc. 9.)

On January 6, 2022, Magistrate Judge Barbara A. McAuliffe was temporarily assigned to this action due to the elevation of Jennifer L. Thurston to District Judge. (Doc. 11.)

On June 16, 2022, Plaintiff filed a "Request to Take Judicial Notice." (Doc. 12.) On June 28, 2022, then assigned Magistrate Judge McAuliffe issued an Order denying the request for judicial notice. (Doc. 13.)

On September 13, 2022, Plaintiff filed a pleading titled "Notice of Motion and Motion to Amend Style of Case and Include in Caption Replacement of Does and Aliases as They Become Known and Relevant to the Case." (Doc. 15.)

On October 6, 2022, this action was reassigned from Judge McAuliffe to the undersigned. (Doc. 16.)

On December 27, 2022, the undersigned issued an Order Granting in Part and Denying in Part Plaintiff's Motion Filed September 13, 2022. (Doc. 17.) Specifically, the Court denied Plaintiff's request for the appointment of counsel (*id*. at 3-5, 8) and granted his motion for leave to file an amended complaint (*id*. at 5-6, 8). Plaintiff was ordered to file his first amended complaint within 30 days of the date of service of the order. (*Id*. at 8-9.)

In response, on January 11, 2023, Plaintiff filed another pleading titled "Request for Judicial Notice." (Doc. 18.)

On January 27, 2023, the Court set the matter for a status conference to be held February 14, 2023. (Doc. 19.) The parties were advised the Court would address Plaintiff's Request for Judicial Notice and their amenability to participating in an early settlement conference. (*Id.*)

On February 14, 2023, the Court held a status conference via videoconferencing. (*See* Doc. 22 [Minutes].) Matthew Wilson appeared on behalf of Defendants and Plaintiff appeared pro se. (*Id*.) Plaintiff advised the Court he did not wish the matter to be remanded to state court and indicated he did not receive the Court's order granting him leave to file an amended complaint. (*Id*.) The Clerk of the Court was directed to re-serve the Court's December 27, 2022, order, and Plaintiff was directed to file a first amended complaint within 30 days. (*Id*.)

On March 6, 2023, Plaintiff filed his first amended complaint. (Doc. 24.)

The Court issued its First Screening Order on March 22, 2023. (Doc. 25.) Specifically, it found Plaintiff's first amended complaint stated cognizable Eighth Amendment conditions of confinement and deliberate indifference to serious medical needs claims against Defendants Gates and Bobbola, and the unknown Does 1 through 5. Further, it found Plaintiff's first amended complaint failed to state any other cognizable claim for relief against any other defendant. (*Id*. at 6-15.) Plaintiff was directed to choose one of the following options: (1) to notify the Court in writing that he did not wish to file a second amended complaint and was willing to proceed only on his conditions of confinement and deliberate indifference to serious medical needs claims against Defendants Gates, Bobbola, and Does 1 through 5; or (2) to file a second amended complaint curing the deficiencies identified by the Court in the order; or (3) alternatively, to file a notice of voluntary dismissal. (*Id*. at 16.)

On April 10, 2023, following Plaintiff's reply to the screening order (*see* Doc. 26), the Court issued Findings and Recommendations to Dismiss Certain Claims. (Doc. 27.) Specifically, the Court recommended the action proceed only on the Eighth Amendment conditions of confinement and deliberate indifference to serious medical needs claims and that the remaining claims in the first amended complaint be dismissed. (*Id*. at 2.) Then assigned District Judge Ana de Alba adopted the findings in full on June 30, 2023. (Doc. 28.)

On July 5, 2023, the Court issued its Order Directing Defendants to File Responsive Pleading Within Thirty Days. (Doc. 29.)

Defendant Gates filed an answer to Plaintiff's first amended complaint on August 4, 2023. (Doc. 30.)

On August 9, 2023, the Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days. (Doc. 31.)

On August 14, 2023, Plaintiff filed a document titled "Plaintiff Bazzo's Reply to S. Gates' to First Amended Complaint and Ordered Adopting Findings and Recommendation by Both District and Magistrate Judges." (Doc. 32.)

On August 23, 2023, Plaintiff filed a "Request for Judicial Notice Adding Defendant Bobbola, Omitted by Defendants' Counsel" (Doc. 33) and a notice indicating his wish to

3

1     participate in an early settlement conference (Doc. 34).

2         The Court issued its Order Finding Service Appropriate on August 24, 2023, specifically

3     directing service of process by the United States Marshal concerning Defendant Bobbola. (Doc.

4     35.)

5         On September 25, 2023, Defendant Gates filed notice indicating a willingness to

6     participate in an early settlement conference. (Doc. 37.)

7         On October 13, 2023, the Court issued a minute order directing that a status report be filed

8     within five days "indicating whether and when [Defendants] intend to coordinate an early

9     settlement conference with the Court, request additional time to permit the pleadings to settle, or

10    propose any alternative course of action."[1] (*See* Docket Entry 39.)

11        Following submission of a status report on October 19, 2023 (*see* Doc. 40[2]), the Court

12    issued its Order Scheduling Settlement Conference and Setting Forth Settlement Conference

13    Procedures on October 20, 2023. (Doc. 41.)

14        On October 25, 2023, a Waiver of Service of Summons was filed with the Court on behalf

15    of Defendant Bobbola, requiring an answer be filed by November 24, 2023. (Doc. 42.)

16        On November 28, 2024, the Court issued a minute order directing Defendant Bobbola to

17    show cause why sanctions should not be imposed for a failure to timely file a responsive

18    pleading. (*See* Docket Entry 47.)

19        A settlement conference was held December 1, 2023, but the matter did not settle. (*See*

20    Docket Entry 48.)

21        On December 4, 2023, Defendants filed a response to the order to show cause concerning

22    a responsive pleading. (Doc. 50.)

23        On December 5, 2023, the Court discharged the order to show cause, lifted the previously

24    imposed and expired stay of the proceedings, and directed Defendant Bobbola to file a responsive

25

---

[1] The Court's August 9, 2023, order directed defense counsel to contact the undersigned's courtroom deputy within 60 days assuming all parties wished to participate in a settlement conference. (*See* Doc. 31 at 2.) Thus, contact was to have been made by October 9, 2023.

[2] The status report states: "It is expected that Bobbala [sic] will file a responsive pleading by the time a settlement conference takes place." (*Id*. at 2, n.1.)

4

pleading within ten days. (*See* Docket Entry 51.)

On December 8, 2023, Defendant Bobbola filed an answer to Plaintiff's first amended complaint. (Doc. 52.)

The Court issued its Discovery and Scheduling Order on December 11, 2023. (Doc. 53.)

Also on December 11, 2023,[3] Plaintiff filed a document titled "Plaintiff's Notice of Motion and Motion for Judgment on the Pleadings; Notice of Motion and Motion for Permanent Injunction Relief." (Doc. 54.)

On January 5, 2024, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Defendants' Failure to File an Opposition or Statement of Non-Opposition, concerning Plaintiff's motions. (Doc. 55.) A written response to the OSC was due within 7 days. (*Id*. at 2.) Alternatively, Defendants could file an opposition or statement of non-opposition to Plaintiff's motions within that same time frame. (*Id*.)

On January 12, 2024, Defendants filed an opposition (Doc. 56) and Plaintiff replied on January 29, 2024 (Doc. 57).

This action was reassigned to District Judge Kirk E. Sherriff on March 14, 2024. (Doc. 58.)

On July 10, 2024, Plaintiff filed a Request for Judicial Notice. (Doc. 59.)

**II.    DISCUSSION**

***The Parties' Relevant Pleadings***

Briefly stated,[4] Plaintiff moves for judgment on the pleadings and injunctive relief on the following bases: (1) Defendants "are presently negligent because they continually breach with deliberate indifference their duty of care" owed to Plaintiff; (2) Defendants are not statutorily immune; (3) and "[t]here are several issues of material fact on the intentional tort claim since

---

[3] The motions were signed, dated, and served on December 6, 2023.

[4] The Court very briefly summarizes Plaintiff's argument pertaining to the motions as a matter of judicial economy. The Court has reviewed the entirety of Plaintiff filing comprising 50 pages and will further quote from or discuss the relevant portions where appropriate.

1    there is a definite nexus between defendants' actions" and Plaintiff's injuries. (Doc. 54 at 7.)[5]
2    Plaintiff maintains Defendants "defaulted" (*see, e.g.*, Doc. 54 at 7-8) and asserts that "it follows
3    that there are no genuine disputes to argue about" (*id*. at 8-10). Further, Plaintiff seeks permanent
4    injunctive relief in the form of an order directing the CDCR to allow him a kosher diet and the
5    ability to "purchase items allowed to women" and the ability to purchase two extra food packages
6    per year, at his expense. (*Id*. at 10-11.)

7    Defendants Gates and Bobbola oppose the motions, arguing Plaintiff is not entitled to
8    judgment on the pleadings because their answers denied his allegations and asserted a number of
9    affirmative defenses to the first amended complaint. (Doc. 56 at 2-3.) Defendants also maintain
10   Plaintiff is not entitled to injunctive relief because the California Department of Corrections and
11   Rehabilitation (CDCR) is not a party to this action and Plaintiff makes no assertion that either
12   Gates or Bobbola are able to provide Plaintiff with the relief he seeks. (*Id*. at 3.)

13   Plaintiff's reply states Defendants conduct is not reasonably related to a legitimate
14   penological interest and that he "tried – albeit in vain – to reach some sort of palatable
15   settlement." (Doc. 57 at 2.) Plaintiff argues that concerning the denials in Defendant Bobbola's
16   answer to his complaint, Plaintiff has provided the Court "with CDCR official documents" to the
17   contrary, that the denials are not supported by "evidence offered to counter any claim made by"
18   Plaintiff, that certain affirmative defenses are "a nullity" or that he "is unable to analyze and
19   coincively [sic] respond" to the defense and that others are "bogus," "ridiculous," "merits no
20   answer," or "make no sense" and are "irrelevant." (*Id*. at 3-4.) He states: "Factually, an
21   affirmative defense – in the given context – does not deny the truth of the claims against
22   defendants but tries to give an alternate reason why defendants cannot be held liable, albeit with
23   no explanations or substantive evidence. Merely self-serving and conclusory. According to the
24   law, defendants bear the burden of proof as to their affirmative defenses." (*Id.* at 4.)

25   As concerns his motion for judgment on the pleadings, Plaintiff argues Defendants "know
26   there is not going to be a trial, that his claim "survives the opposition and negation of relief
27   because Bazzo included and made clear enough facts to state a claim for relief that is plausible on

---

[5] The Court's quotations from Plaintiff's pleadings omit the capitalization employed by Plaintiff.

its face" and that the Court has "already determined that the claims and allegations are plausible." (Doc. 57 at 5-6.) Plaintiff maintains the affirmative defenses "are not properly stated under federal pleading standards and are improper defenses as a matter of law, and some present no genuine issues of fact." (*Id*. at 7.) He argues the "affirmative defenses brought to the court … are specific denials of Bazzo's claims and are not affirmative defenses." (*Id*. at 8.)

As concerns his motion for injunctive relief, Plaintiff contends Defendants' claim that "neither works" at the prison is "highly irrelevant since both are situated in the Headquarters' building on behalf of CDCR." (Doc. 57 at 6.) Plaintiff argues an injunction prohibiting the conduct of which he complains "is within the scope of a federal judge regardless of whether or not CDCR has been named in the lawsuit since CDCR is the custodian of" Plaintiff. (*Id*. at 8.)

In his Request for Judicial Notice, Plaintiff seeks "judicial notice and court intervention" of the following: (1) the "[s]tatus of filed entry of default;" (2) the "[n]eed of second deposition by the Attorney General Office on the subject matter, blatant and onerous, perfunctory delay tactic;" and (3) a "[r]esponse to a subsequent claim by Bazzo whereby, the primary cause is the toxic food served to inmates by CDCR, knowing its toxicity, Bazzo's newly found road to gastric cancer." (Doc. 59 at 1.) Plaintiff seeks "counsel to either cojoin the existing lawsuit …", states "a new lawsuit would be desirable" concerning his newly arisen claim following a cancer diagnosis, states the Court "should appoint its own independent gastroenterology-oncologist doctor as an expert to determine the feasibility of Bazzo's claims," "prays the court to dispatch the current lawsuit in favor of Bazzo for the requested amount of $17,600.00 dollars and appoint counsel for a new lawsuit against CDCR," and concludes that "Defendants have scheduled a moot deposition on July 15, 2024 as if some miracle could happen in their ridiculous defense of no mea culpa." (*Id*. at 3.)

### *Judgment on the Pleadings*

#### A.  The Applicable Legal Standards

"[J]udgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc*., 430 F.3d 1036, 1042 (9th Cir. 2005). The burden is on the

moving party to establish on the face of the pleadings that there is no material issue of fact. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

Because a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, courts should apply the same standard. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). In considering a Rule 12(c) motion, a court must limit its review to the pleadings and "facts that are contained in materials of which the court may take judicial notice." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal quotation marks & citations omitted). A motion for judgment on the pleadings should only be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party "clearly establishes that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1969)). A motion for judgment on the pleadings cannot be granted if a defendant's answer raises a fact or an affirmative defense that, if true, would defeat recovery. *General Conference Corp. Of Seventh-Day Adventist v. Seventh-Day Adventist Congregational Church*, 887 F. 2d 228, 230 (9th Cir. 1989). "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Id.*

"The Rule 12(c) standard is applied with 'particular strictness' in civil rights cases." *Slade v. Gates*, No. 01-8244-RMT (EX), 2002 WL 31309810, at *2 (D.C. Cal. Oct. 10, 2022) (citing *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996)).

**B. Analysis**

In evaluating Plaintiff's motion for judgment on the pleadings, all material allegations in Defendants' answers are accepted as true and construed in the light most favorable to Defendants. *See Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).

Defendant Gates' answer to Plaintiff's first amended complaint denied "all of Plaintiff's allegations" except as expressly admitted in the answer. (Doc. 30 at 1-3.) Gates asserted several affirmative defenses, including the statute of limitations, administrative exhaustion, qualified

1  immunity, Eleventh Amendment immunity to the extent money damages were sought from Gates
2  in her official capacity, res judicata and collateral estoppel, and a failure to mitigate. (*Id*. at 3-4.)
3        Defendant Bobbola's answer to Plaintiff's first amended complaint also denied "all of
4  Plaintiff's allegations" except as expressly admitted in the answer. (Doc. 52 at 1-3.) And Bobbola
5  asserted the same affirmative defenses. (*Id*. at 3-4.)
6        Defendants' allegations in their answers must be accepted as true, and any allegations in
7  Plaintiff's first amended complaint that are denied in the answers must be considered false. As the
8  moving party, Plaintiff bears the burden to show there is no genuine dispute of material fact.
9  Plaintiff fails to carry this burden. In fact, Plaintiff's pleading states there are genuine disputes of
10 material fact. (*See, e.g.*, Doc. 54 at 8 ["There are several triable issues of material fact"], 17
11 ["There is a triable issue of material facts that are justiciable by this Court …"].)  Plaintiff has not
12 established that his version of events is the only plausible one.
13       Plaintiff complains Defendants did not provide proof of their affirmative defenses. Rule 8
14 of the Federal Rules of Civil Procedure provides a party "must … *state* in short and plain terms
15 its defenses to each claim asserted against it; and … admit or deny the allegations asserted against
16 it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A), (B) (emphasis added). Further, the rule
17 provides that a party may "deny all allegations" or "must either specifically deny designated
18 allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). And
19 "a party must affirmatively *state* any avoidance or affirmative defense…." Fed. R. Civ. P. 8(c)
20 (emphasis added). Defendants complied with Rule 8 of the Federal Rules of Civil Procedure and
21 no proof associated with their affirmative defenses is required at the pleading stage. *See Hamilton*
22 *v. Yates*, No. 1:10-cv-1925-AWI-MJS (PC), 2014 WL 4660814, at *2 (E.D. Cal. Sept. 17, 2014)
23 ("Plaintiff has not established that Defendants' answer fails to controvert facts alleged in the
24 complaint. Plaintiff argues only that the denials in Defendants' answer are simple, vague,
25 conclusory, and 'just enough to deny their wrongs.' … However, at the pleading stage,
26 Defendants need only raise questions of material fact or present affirmative defenses; they are not
27 yet required to prove their case") (citing *General Conference Corp. Of Seventh-Day Adventist*,
28 887 F.2d at 230).

1  In sum, because Defendants' answers raise facts that, if true, would defeat Plaintiff's
2  claim, the motion must be denied.

### *Injunctive Relief*

#### A. The Applicable Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend").

#### B. Analysis

Here, Plaintiff seeks an order directing the CDCR to allow him a kosher diet, the ability to "purchase items allowed to women" and the ability to purchase two extra food packages per year, at his expense.

As noted by Defendants, the CDCR is not a party to this action. Therefore, the Court does not have personal jurisdiction over the CDCR. *Zepeda*, 753 F.2d at 727; *Price*, 390 F.3d at 1117; *Murphy Bros., Inc.*, 526 U.S. at 350; *see Carr v. Abdou*, No. EDCV 21-0865 FWS (PVC), 2023 WL 3981353, at *5 (C.D. Cal. May 5, 2023) ("Plaintiff's contention that his suit against Dr. Abdou gives this Court jurisdiction over the entire CDCR is simply, patently, wrong. This Court

cannot issue the injunction Plaintiff seeks because it does not have jurisdiction in this action over the persons or entities with the ability to effectuate his transfer from SATF to CMF and to provide medical services at CMF"); *Balzarini v. Diaz*, No. 5:18-cv-01962-RGK-MAA, 2020 WL 4343694, at *2 (C.D. Cal. Mar. 30, 2020) ("Here, Plaintiff's requested relief is directed at CDCR—not Defendants. Because CDCR is not a named defendant and has not been served, the Court lacks personal jurisdiction over CDCR and cannot issue an injunction against it"); *Walker v. Varela*, No. CV 10-2441-JFW SP, 2013 WL 816177, at *2 (C.D. Cal. Mar. 1, 2013) (denying a motion for injunctive relief for want of jurisdiction where the CDCR was not a party and a plaintiff requested an injunction directing the CDCR to move plaintiff to another prison with his property, citing *Zepeda*).

Because CDCR is not a party to this action, the Court lacks the jurisdiction necessary to issue the order Plaintiff seeks. Thus, the motion must be denied.

### ***Request for Judicial Notice Filed July 10, 2024***

As noted above, Plaintiff filed a Request for Judicial Notice on July 10, 2024. The requests therein are briefly addressed below.

#### Entry of Default and Default Judgment

Plaintiff asks for a "[s]tatus of filed entry of default." (Doc. 59 at 1.) More particularly, as a part of his December 11, 2023, filing, Plaintiff includes a "Request to Enter Default and Court Judgment on the Merits of the Pleadings." (*See* Doc. 54 at 21.) He asks the Clerk of the Court to "enter the [default] of defendants by failing to abide by the District Court Judge Ana de Alba's Order to respond to the complaint filed by plaintiff" and asks that "summary judgment" be entered "against defendants for failing to obey the Hon. District Court Judge Ana de Alba's Order to file a reply to Plaintiff's complaint." (*Id.*) The Court construes Plaintiff's requests to arise under Federal Rule of Civil Procedure 55.

The Federal Rules of Civil Procedure require that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by

1  the Clerk of the Court. Here,[6] entry of default is inappropriate because there is no showing that
2  either Defendant "has failed to plead or otherwise defend" this action. To the contrary,
3  Defendants Gates and Bobbola have filed answers to the operative complaint. (Docs. 30 & 52.)
4  Notably too, Judge de Alba's order entered June 30, 2023, did not direct a responsive pleading be
5  filed by Defendant Bobbola. (*See* Doc. 28.) Rather, on July 5, 2023, the undersigned issued an
6  order directing a responsive pleading be filed within 30 days. (*See* Doc. 29.) Thus, a responsive
7  pleading was to be filed by August 4, 2023. Defendant Gates timely filed an answer on August 4,
8  2023. (Doc. 30.) Because service of process had not yet been effected as to Defendant Bobbola—
9  when this action was removed from state court to his Court, only Defendant Gates had appeared
10 in the state court action (*see* Doc. 1 at 1 & Doc. 30 at 1, n.1)— the Court ordered service by the
11 United States Marshal. (Doc. 35.) Defendant Bobbola's waiver of service was entered October
12 25, 2023, requiring a responsive pleading be filed by November 24, 2023. (Doc. 42.) In response
13 to an OSC issued November 28, 2023 (Docket Entry 47), Defendants responded, indicating in
14 relevant part, that because the Court's order regarding "ADR stated: 'No pleading or motions may
15 be filed in this case during the stay,'" defense counsel "presumed that no responsive pleading,
16 either an answer or a motion to dismiss, was either necessary or would be permitted." (Doc. 50 at
17 1-2.) Thereafter, on December 5, 2023, the Court discharged the OSC, lifted the previously
18 imposed stay, and directed that Defendant Bobbola file a responsive pleading within ten days.
19 (Docket Entry 51.) Bobbola timely filed an answer on December 8, 2023. (Doc. 52.) In summary,
20 Plaintiff is not entitled to entry of default because he cannot establish that either Defendant "has
21 failed to plead or otherwise defend" this action.

22      As concerns default judgment, Plaintiff requests the Court enter judgment in the sum of
23 $17,000 "against defendants for failing to obey the Hon. District Court Judge Ana de Alba's
24 Order to file a reply to Plaintiff's complaint." (Doc. 54 at 21.) But, as noted above, Defendants
25 did not "fail[] to obey" Judge de Alba's Order. Nor, have Defendants "failed to appear or

---

[6] The Court notes Plaintiff's request concerning entry of default and default judgment is a single-page document appearing at page 21 of a 50-page filing wherein the title page indicates the motions concern "judgment on the pleadings" and "injunctive relief." The Clerk of the Court is neither expected nor required to cull through such a lengthy filing to discern whether such a filing happens to include a request to the Clerk seeking some action unconnected to the titled pleading.

12

1  otherwise defend." Because Plaintiff is not entitled to entry of default, he is likewise not entitled
2  to the entry of a default judgment. *Vongrabe v. Sprint PCS*, 312 F. Supp.2d 1313, 1318 (S.D. Cal.
3  2004) (the "entry of default by the clerk is a prerequisite to an entry of default judgment"). The
4  request should be denied. And, as discussed herein, Plaintiff fails to establish any other basis
5  upon which to enter a judgment in his favor.

<u>Second Deposition</u>

7  Next, Plaintiff argues a second deposition is improper because it is a "perfunctory delay
8  tactic." (Doc. 59 at 1.) Plaintiff is advised that Rule 30 of the Federal Rules of Civil Procedure
9  addresses the duration of a deposition, the imposition of sanctions, and motions to terminate or
10 limit a deposition. Fed. R. Civ. P. 30(d). Plaintiff fails to provide any detail concerning the second
11 deposition and has not filed a motion with the Court seeking to terminate or limit such a
12 deposition. Plaintiff's conclusory statement that any second deposition is a delay tactic requires
13 no action by this Court.

<u>Subsequent Claim</u>

15 Plaintiff also seeks a "[r]esponse to a subsequent claim by Bazzo whereby, the primary
16 cause is the toxic food served to inmates by CDCR, knowing its toxicity, Bazzo's newly found
17 road to gastric cancer." (Doc. 59 at 1.) As noted above, this action proceeds on the Eighth
18 Amendment conditions of confinement and deliberate indifference to serious medical needs
19 claims as pled in Plaintiff's first amended complaint. Plaintiff's "subsequent" or new claim is not
20 a part of this action.

<u>Appointment of Counsel</u>

22 Plaintiff seeks the appointment of counsel for a new action or "counsel to either cojoin the
23 existing lawsuit." (Doc. 59 at 3.) Should Plaintiff elect to file a new action, any request for the
24 appointment of counsel should be made in that action. To the extent Plaintiff seeks the
25 appointment of counsel in this action, he is reminded that plaintiffs do not have a constitutional
26 right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th
27 Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the
28 Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S.*

13

*Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

Here, in evaluating the likelihood of Plaintiff's success on the merits, while Plaintiff's operative complaint has been screened and Defendants have answered, it is premature to determine whether there is a likelihood of success on the merits. *See, e.g.*, *Porter v. Rivas*, No. 1:33-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening"). And a review of the docket for this action reveals Plaintiff can readily articulate his claims in light of their complexity.[7] *See, e.g.*, *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) ("While a pro se litigant may be better served with the assistance of counsel," the court need not appoint counsel if plaintiff can articulate his claims). The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, no exceptional circumstances exist warranting the appointment of counsel and Plaintiff's request will be denied.

### Appointment of Expert

Next, Plaintiff states the Court "sua sponte and in its own interest should appoint its own

---

[7] The Court previously found Plaintiff able to articulate his claims. (*See* Doc. 17 at 4-5.)

1  independent gastroenterolo-oncologist doctor as an expert to determine the feasibility" of his
2  claims. (Doc. 59 at 3.)

3  Federal Rule of Evidence 706 provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties and generally serve the purpose of aiding the court in understanding the subject matter at hand. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); *Woodroffe v. Oregon*, No. 2:12-cv-00124-SI, 2014 WL 1383400, at *5 (D. Or. Apr. 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter"); *In re Joint E. & S. Districts Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems).

A "court's decision whether to appoint an expert is discretionary," but it is well settled that "there is no statutory authorization for a court-appointed investigator for civil litigants proceeding in forma pauperis."[8] *Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.7 (9th Cir. 2002)). Courts may not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." *Woodroffe*, 2014 WL 1383400, at *5; Fed. R. Evid. 706(e); *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties"); *see Gorton v. Todd*, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove

---

[8] Defendant Gates paid the filing fee for this action at the time of removal. (Doc. 1 [receipt number ACAEDC-9806161].) While Plaintiff is proceeding pro se, he has not been granted *in forma pauperis* status in this case.

deliberate indifference). Indeed, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).

Here, the Court is not persuaded that Plaintiff's claims are factually or legally complex, requiring the appointment of a neutral expert witness. Plaintiff merely states the Court should appoint a specialist in gastroenterology and oncology. He fails to explain how such an appointment would assist the Court in understanding the evidence or determining a fact in issue. As a result, Plaintiff's request will be denied.

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for entry of default is DENIED;
2. Plaintiff's challenge concerning a "second deposition" is DENIED;
3. Plaintiff's request concerning the status of a "subsequent claim" is DENIED;
4. Plaintiff request for the appointment of counsel is DENIED; and
5. Plaintiff's request for the appointment of a neutral expert is DENIED.

Further, for the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for judgment on the pleadings be DENIED; and
2. Plaintiff's motion for injunctive relief be DENIED.

*Remainder of This Page Intentionally Left Blank*

1    These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 7, 2024**

UNITED STATES MAGISTRATE JUDGE