UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>            Plaintiff,<br><br>      v.<br><br>S. GATES,<br><br>            Defendant. | Case No. 1:21-cv-01343-KES-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY *NUNC PRO TUNC* THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 62) |

Plaintiff Frank Monaco Bazzo is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983.

**I.      INTRODUCTION**

The Court issued its Discovery and Scheduling Order on December 11, 2023. (Doc. 53.) Relevant here, the deadline for the filing of a dispositive motion was set for October 21, 2024. (*Id.*)

On October 21, 2024, Defendants Bobbola and Gates filed a Motion to Modify the Discovery and Scheduling Order. (Doc. 62.) The motion is supported by a memorandum of points and authorities (*see* Doc. 62-1 at 1-3) and the Declaration of Matthew Wilson (*id*. at 4-5).

**II.     DISCUSSION**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This

good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

Here, Defendants contend good cause exists to grant the motion to modify the Discovery and Scheduling Order as defense counsel has been diligently litigating this action, including completing Plaintiff's deposition, and investigating the evidence and grounds for a summary judgment motion. (Doc. 62-1 at 2.) Defendants seek to extend the dispositive motion filing deadline to November 12, 2024. (*Id*.)

Specifically, Mr. Wilson declares he has been preparing for and in trial in the *Hackworth v. Arevalos* matter. (Doc. 62-1 at 3, ¶ 2.) The trial before District Judge Kirk E. Sherriff concluded on October 18, 2024. (*Id*.) In preparing for and trying the *Hackworth* case, defense counsel states it required extensive and time-consuming travel, meetings with his client and witnesses, and work that prevented him from completing a motion for summary judgment in this action. (*Id*.)

### III.  ANALYSIS

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d). Here, given counsel's representations concerning the extensive and time-consuming trial preparation undertaken in the *Hackworth* matter, it should have become apparent before the dispositive motion filing deadline of October 21, 2024, that an extension was needed. Therefore, under Local Rule 144, Defendants were required to file their current motion to modify the Discovery and Scheduling Order before now.

The Court disfavors granting *nunc pro tunc* and ex parte relief and directs Defendants to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that they seek to extend. Nevertheless, given defense counsel's representations in his declaration, the Court finds good cause to grant the relief

requested.

### IV.     CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **ORDERS** that:

1. Defendants' motion to modify the scheduling order (Doc. 62) is **GRANTED**; and

2. The Discovery and Scheduling Order is **MODIFIED** to extend the deadline for filing a dispositive motion from October 21, 2024, to **November 12, 2024**.

IT IS SO ORDERED.

Dated:    **October 21, 2024**                                                               
                                         UNITED STATES MAGISTRATE JUDGE